# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**ANTHONY FRAGUA,**
*Petitioner*

**vs.**

**AL CASAMENTO,** DIRECTOR
Sandoval County Detention Center

**&**

**PUEBLO OF JEMEZ**
*Respondents.*

### PETITION FOR WRIT OF HABEAS CORPUS
### FOR RELIEF FROM A TRIBAL COURT CONVICTION
### PURSUANT TO 25 U. S. C. §1303

 **COMES NOW** the Petitioner, Anthony Fragua, by and through his counsel of record, Nicholas E. Mendoza, Attorney at Law, and hereby petitions this court for a Writ of Habeas Corpus pursuant to 25 U.S.C. § 1302-1303.  The writ should issue based upon the following:

### FACTUAL AND PROCEDURAL BACKGROUND

1. Petitioner Anthony Fragua ("Mr. Fragua") is an enrolled member of the Pueblo of Jemez ("Indian Tribe"), a federally recognized Indian Tribe in New Mexico. See Fed. Reg. Vol. 79, No 19, 4748-4753 (updated January 6, 2016).

2. At the time of the incident underlying the judgment and sentence in question in this matter, Mr. Fragua was residing in Albuquerque, New Mexico.  However, the incident occurred within the exterior boundaries of the Pueblo of Jemez Reservation in New Mexico.

3. On November 23, 2016, Mr. Fragua appeared for trial before the Jemez Tribal Court. Right before trial, the Tribal Court allegedly advised Mr. Fragua of his rights, namely his right to

counsel.  Mr. Fragua agreed to proceed *pro se* and allegedly waived his right to counsel. However, to the best of Petitioner's counsel's knowledge, information, and belief there was no written waiver of any such rights executed, namely his right to counsel.  Importantly, neither the Jemez Tribal Court nor the Jemez Tribal Code allow or provide for State licensed attorneys to represent defendants before it nor do they allow or provide for the right to trial by jury.

4.      Mr. Fragua was found guilty of Aggravated Battery under section 30-2-19 of the Pueblo of Jemez Tribal Code.  He was sentenced and incarcerated that same day to 364 days jail.  To the best of Petitioner's counsel's knowledge, information, and belief the above offense was Mr. Fragua's first offense.  He has no prior criminal record before the Jemez Tribal Court.

5.      Mr. Fragua has exhausted his tribal remedies.  Neither the Jemez Tribal court nor the Jemez Tribal Code provide for an appellate process or an appellate court.  Thus, a trial before the Jemez Tribal Court is the final remedy.  Notwithstanding the above, any such exhaustion of tribal remedies would be futile in this case in light of the facts that neither the Jemez Tribal Court nor the Jemez Tribal Code actually allow or provide for the right to counsel and the right to trial by jury.  (See <u>Wounded Knee v. Andera</u>, 416 F.Supp. 1236, 1239-1240 (D.C.S.D.1976))(A member of Indian tribe who petitions for writ of habeas corpus in federal court need not go through motions of exhaustion if he or she proves that resort to remedies provided by tribe would be futile;  if a tribal remedy and theory is nonexistent in fact or at best inadequate, it might not need to be exhausted.)

## I.      THE INDIAN TRIBE VIOLATED MR. FRAGUA'S RIGHT TO COUNSEL GUARANTEED UNDER THE INDIAN CIVIL RIGHTS ACT (ICRA) 25 U.S.C. §1302(6).

Concise Statement of Facts in support of Claim I

The Indian Tribe, in exercising its powers of self-government, denied Mr. Fragua the right to counsel. The Indian Civil Rights Act provides that a defendant may have the assistance

of counsel at his own expense at criminal proceedings. 25 U.S.C. § 1302(6).  (See U.S. v. Ant, 882 F.2d 1389, 1392 (C.A.9 (Mont.) 1989))(In tribal court, defendant is entitled to have attorney represent him at his own expense, but is not entitled to have court-appointed attorney.)  Right before trial, the Jemez Tribal Court allegedly advised Mr., Fragua of his rights, namely his right to counsel.  Mr. Fragua agreed to proceed *pro se* and allegedly waived his right to counsel.  However, neither the Jemez Tribal Court nor the Jemez Tribal Code actually allow or provide for State licensed attorneys to represent criminal defendants before the Jemez Tribal Court.  Hence, if under Wounded Knee the same such facts could be held to support a finding of futility and therefore that the tribal exhaustion rule is not required where any remedies are either nonexistent in fact or are at best inadequate, then the same such facts should support a finding that any waiver of such nonexistent or inadequate right, namely the right to counsel or the assistance of counsel, is also futile or is not a true waiver at all.  One can only waive what one truly has the right to exercise.  Thus, Mr. Fragua was denied his right to counsel or the assistance of counsel under § 1302(6) of the ICRA.

## II.      THE INDIAN TRIBE VIOLATED MR. FRAGUA'S RIGHT TO A JURY TRIAL UNDER THE INDIAN CIVIL RIGHTS ACT WHEN IT FAILED TO PROVIDE HIM WITH A JURY TRIAL

Concise Statement of Facts in support of Claim II

The Indian Tribe, in exercising its powers of self-government, denied Mr. Fragua the right to trial by jury.  The Indian Civil Rights Act provides that a defendant has the statutory right to request a jury trial under the ICRA pursuant to 25 U.S.C. § 1302(10).  In Baldwin vs. New York, the Supreme Court of the United States held that a defendant has the right to a trial by jury for serious offenses, that is those offenses punishable by more than six-months imprisonment, but not for petty offenses, that is those not punishable by more than six months.  Baldwin vs. New

York, 399 U.S. 66 (1990).  Neither the Jemez Tribal Court nor the Jemez Tribal Code actually

allow or provide for a right to trial by jury.  Mr. Fragua was sentenced to 364 days jail, thus more

than six months.  Hence, under Baldwin, such offense constitutes a serious offense and Mr.

Fragua should have had the right to a trial by jury or at least the right to request one.  (See

Alvarez v. Lopez, 835 F.3d 1024, 1030 (C.A.9 (Ariz.) 2016))(Indian tribe violated defendant's

right to jury trial under Indian Civil Rights Act (ICRA), thus requiring reversal of his tribal

convictions for assault, domestic violence, and misconduct involving weapon, even though form

that tribe provided to defendant informed him that he had right to jury trial, where form did not

explain what defendant needed to do in order to invoke that right, defendant had seventh-grade

education and was not represented by counsel, and tribe made no effort to ensure that defendant

knew he would receive jury trial only if he requested one.)  Thus, in light of the above, the Indian

Tribe denied Mr. Fragua due process of law under § 1302(10) of the ICRA by failing to provide

him with a jury trial or at a minimum advise him, as a *pro se* defendant, of his right to request

one.

## CONCLUSION

**WHEREFORE**, Mr. Fragua respectfully requests that this Court: (1) issue the writ of

habeas corpus commanding Respondents to release Mr. Fragua from their custody immediately;

or in the alternative, (2) hold an expedited evidentiary hearing to inquire as to the legality of the

detention, and (3) grant any other further relief that this Court deems just and proper.

RESPECTFULLY SUBMITTED:

_____/ss/_____
Nicholas E. Mendoza
Attorney for Defendant
P.O. Box 1153
Tijeras, New Mexico 87059
(505) 503-0492

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 27th. day of December 2016, I filed the foregoing pleading electronically through the CM/ECF system, and that on such date I served the foregoing on the following non-CM/ECF Participants in the manner indicated:

Via first class mail addressed as follows:

Al Casamento, Director
Sandoval County Detention Center
1100 Montoya Rd.
Bernalillo, New Mexico 87004

Pueblo of Jemez
P.O. Box 100
Jemez Pueblo, NM 87024

Electronically filed
/s/Nicholas E. Mendoza
Attorney for Petitioner