IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY FRAGUA,

      Plaintiff,

v.                                                                                                        1:16-cv-01405-RB-LF

AL CASAMENTO, Director,
Sandoval County Detention Center,

      Defendant.

## ORDER TO SHOW CAUSE

Defendant Al Casamento filed his response to plaintiff Anthony Fragua's motion to expedite (Doc. 11) under seal (case participants only) but fails to establish a sufficient private interest for filing the response under seal.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id*. Documents should be sealed "only on the basis of articulable facts known to the

court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). The fact that information has "already been made public" will undermine a party's privacy concerns. *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013) (citing *Mann*, 477 F.3d at 1149).

In keeping with the paramount right of public access, this Court requires a party moving for permission to file a particular document under seal to demonstrate a private interest sufficient to justify the sealing of the document. That the parties have agreed a document should be filed under seal is not sufficient; the party seeking to file a document under seal must establish that his or her interest in keeping the documents private outweighs the public's right of access to judicial records.

IT IS THEREFORE ORDERED that defendant Al Casamento must provide the Court with a written explanation demonstrating a private interest sufficient to justify filing his response to plaintiff's motion to motion to expedite (Doc. 11) under seal, on or before **Tuesday, May 9, 2017**.

_____
Laura Fashing
United States Magistrate Judge

2