IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ANTHONY FRAGUA,

        Petitioner,

v.                                          1:16-cv-01405-RB-LF

AL CASAMENTO, Director,
Sandoval County Detention Center,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on plaintiff Anthony Fragua's Petition for Writ of Habeas Corpus for Relief from Tribal Court Conviction Pursuant to 25 U.S.C. § 1303, filed December 27, 2016. Doc. 1. The Honorable Robert C. Brack dismissed the Pueblo of Jemez and ordered defendant Al Casamento to answer the petition. Doc. 5. Casamento filed his answer to the petition on February 3, 2017 (Doc. 7), and Fragua filed a response to Casamento's answer (Doc. 8) on February 16, 2017. Pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n. v. Wood*, 901 F.2d 849 (10th Cir. 1990), Judge Brack referred this case to me to recommend to the Court an ultimate disposition of the case. Doc 6. Having reviewed the submissions of the parties, the recording of Fragua's criminal trial, and the relevant law, I find that Fragua was never informed of his right to trial by jury and, therefore, recommend that his petition be GRANTED.

### I.      Background Facts and Procedural Posture

In his petition, Fragua alleges that he was not advised of his right to counsel until the morning of trial, that he never executed a written waiver of counsel, that the Pueblo of Jemez has no process for allowing or providing attorneys to practice before the Jemez Tribal Court, that the

Jemez Tribal Court does not provide for the right to trial by jury, and that, because the Pueblo of Jemez does not provide any avenue for appeal, that he has exhausted all of his tribal remedies. Doc. 1. In response, Casamento argues that Fragua has not exhausted all of his tribal court remedies because he did not file for post-conviction relief, that the Pueblo of Jemez advised Fragua of his right to counsel at his arraignment and, therefore, did not violate his right to counsel, and that the Pueblo of Jemez did not violate Fragua's right to a jury trial because Fragua did not request one. Doc. 7.

Fragua appeared for trial before the Jemez Tribal Court on November 23, 2016. Doc. 1 ¶ 3. He was found guilty of aggravated battery under section 30-2-19 of the Pueblo of Jemez Tribal Code. *Id*. ¶ 4. That same day, Fragua was sentenced to 364 days in jail, and was remanded into custody. *Id*. Judge Allan R. Toledo presided over Fragua's trial. *See* Doc. 7-1. The parties agree that Fragua was not represented by counsel, and that the case was not tried to a jury. Doc. 1 ¶ 3 and at 3; Doc. 7 at 2, 3.

Casamento provided a copy of the recording of Fragua's trial to the Court on May 4, 2017. I have listened to the recording, but no transcript has been made.[1] On the morning of trial, Judge Toledo explained to Fragua that there had been no arraignment because "I guess we just assumed you were going to plead not guilty to the charge." Judge Toledo told Fragua that he had a right to an attorney at his own expense. Fragua declined and told Judge Toledo that he just wanted to get the trial over with. Judge Toledo did not advise Fragua that he had a right to request a jury trial.[2]

---

[1] The Court does not cite to the recording because there is no transcript, but the recording has been lodged with the Court and is available through the Clerk's office. *See* Doc. 16.

[2] There were several other seeming irregularities in the proceedings. Although Judge Toledo informed Fragua of the charges against him, he did not inform him of the "sanctions to be imposed" as required under Rule 3.8 of Pueblo of Jemez Rules of Criminal Procedure until he

## II.  <u>Discussion</u>

Under the Indian Civil Rights Act ("ICRA"), tribes may not deny criminal defendants facing imprisonment "the right, upon request, to a trial by jury," 25 U.S.C. § 1302(a)(10); or the right "at his own expense to have the assistance of counsel for his defense," *id.* § 1302(a)(6). Fragua contends that he was constructively denied the right to counsel because he was not informed of that option until the morning of trial, and that he was constructively denied the right to a jury trial because the Pueblo of Jemez has no mechanism for providing a jury trial, and because he was never informed of his right to a jury trial.

### A.  Exhaustion of Remedies

Federal courts "may not exercise jurisdiction over a habeas petition presenting ICRA claims unless the petitioner has first exhausted his tribal remedies." *Alvarez v. Lopez*, 835 F.3d 1024, 1027 (9th Cir. 2016) (citing *Grand Canyon Skywalk Dev., LLC v. 'SA' NYU WA Inc.*, 715 F.3d 1196, 1200 (9th Cir. 2013)).  The petitioner bears the burden of establishing that he has exhausted all tribal remedies or that pursuing such remedies would have been futile.  *See id.* (citing *Jeffredo v. Macarro*, 599 F.3d 913, 918 (9th Cir. 2010)); *Wounded Knee v. Andera*, 416 F. Supp. 1236, 1239 (D.S.D. 1976); s*ee also Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974) ("The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction.").  However, "[i]f a tribal remedy in theory is non-existent in fact or at best

---

had found Fragua guilty and was imposing the sentence. *See* Doc. 7-1 at 1.  Judge Toledo did not read the criminal complaint to Fragua at the beginning of the trial as required by Rule 15.2, *see* Doc. 14-1 at 17, nor is there any evidence that Fragua had received a copy of the complaint as required by Rule 10.2, *see* Doc. 14-1 at 14.  At the conclusion of the complaining officer's testimony, Judge Toledo did not ask Fragua if he wanted to cross-examine the officer.  After the victim testified (the only other witness for the prosecution), Judge Toledo asked Fragua if he had any questions for either witness.  And both the officer and the victim testified as to what other people had said, in apparent contravention of Fragua's confrontation rights.

inadequate, it might not need to be exhausted." *Wounded Knee*, 416 F. Supp. at 1239 (citing *Schantz v. White Lightning*, 502 F.2d 67, 70 n.6 (8th Cir. 1974)).

It is undisputed that Fragua did not pursue any kind of post-conviction motions practice or direct appeal in this matter. Fragua contends, however, that attempting to pursue post-conviction relief through the tribal courts would be futile because the Jemez Tribal Code does not provide any mechanism for pursuing such relief. Judge Toledo submitted an affidavit stating that post-trial remedies are available under the Jemez Tribal Code, but that no appeals have been filed during his tenure, and that Fragua did not file for post-conviction relief. Doc. 7-1 at 2.

The Jemez Tribal Code provides as follows:

RULE 22      NEW TRIAL (RESERVED);

RULE 24      RIGHT OF APPEAL; HOW TAKEN (RESERVED);

RULE 25      STAY OF JUDGMENT AND RELIEF PENDING REVIEW
             (RESERVED).

Doc. 14-1 at 18. The Jemez Tribal Code contains no additional provisions, of any kind, for post-conviction relief. Because the Jemez Tribal Code does not provide any avenue for seeking post-conviction relief, any attempt at pursuing post-conviction relief would have been futile. *See Johnson v. Gila River Indian Community*, 174 F.3d 1032, 1036 (9th Cir. 1999) ("if a functioning appellate court does not exist, exhaustion is per se futile"); *Krempel v. Prairie Island Indian Community*, 125 F.3d 621, 623 (8th Cir. 1997) ("we deem it inherently unfair to a plaintiff to require exhaustion in a court that was not operational until after the claim was filed"). Casamento's contention that Fragua failed to exhaust his available remedies because he never sought post-conviction relief is without merit. When no remedies are available, it is not incumbent upon an unrepresented criminal defendant to navigate or, in this case, create avenues of appeal to meet the exhaustion requirement.

**B. Right to a Jury Trial**

Under ICRA, "[n]o Indian tribe in exercising powers of self-government shall . . . deny to any person accused of an offense punishable by imprisonment the right, upon request, to a trial by jury." 25 U.S.C. § 1302(a)(10). Casamento contends that the Pueblo of Jemez did not violate Fragua's right to trial by jury because Fragua did not request a jury trial. Doc. 7 at 3. Casamento supports this position with Judge Toledo's Affidavit. The Affidavit reads:

> Proceedings in criminal matters and cases are held pursuant to Title I Chapters 3 and 4, Title II Pueblo of Jemez Rules of Criminal Procedures and Title III Pueblo of Jemez Criminal Code as follows:
> a. Title II, Chapter I, Rule 3.8 provides that the Defendant is conferred all rights and protection under the Indian Civil Rights Act of 1968, 25 USC § 1301 et seq. During Arraignment, Defendants are advised of their rights as follows:
> 1.) Right to be represented by an attorney at his own expense.
> 2.) Right to be informed of the charges against him and sanctions to be imposed.
> 3.) Right to remain silent
> 4.) Right to cross examine witnesses
> 5.) Right to a speedy and public trial
> 6.) Right to call his own witnesses
> 7.) Right to post bail

Doc. 7-1. Nowhere in that list is a right to trial by jury.[3]

In *Alvarez*, the Ninth Circuit held that a tribal defendant's "right to 'fair treatment' includes the right to know that he would forfeit his right to a jury unless he affirmatively requested one." *Alvarez*, 835 F.3d at 1029. Casamento argues that Fragua waived his right to jury trial by participating in a bench trial without objection, but fails to address the fact that Fragua was never—by Judge Toledo's own admission—informed of his right to trial by jury or his obligation to affirmatively request such a trial. Fragua was not represented by counsel. As in

---

[3] It is also noteworthy that defendants are advised of these rights "during arraignment." In this case, the Tribal Court did not arraign Fragua. Even if an arraignment had been held, the Pueblo of Jemez Tribal Code does not provide for advising a defendant of his right to a jury trial.

*Alvarez*, Fragua cannot be "expected to understand more about his rights than [the Tribal Court tells him]." *Id.*

Here, the jury issue is dispositive. Because Fragua was never informed of his right to trial by jury, he could not be expected to request one. Indeed, even if Fragua had requested a trial by jury, the Pueblo of Jemez Tribal Code has no mechanism for providing a jury trial. Doc. 14-1 at 16 (RULE 16: TRIAL BY JURY (RESERVED)). Because the denial of the right to a jury trial is a structural defect, it requires automatic reversal. *See Sullivan v. Louisiana*, 508 U.S. 275, 282 (1983) (there are two classes of constitutional error—"trial error" subject to harmless error analysis, and "structural error" requiring automatic reversal) (Rehnquist, C.J., concurring); *Neder v. United States*, 527 U.S. 1, 7–9 (1999) (explaining that structural error is a "defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself."); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 159, (2006) ("trial errors always lead to harmless-error review, while structural defects always lead to automatic reversal"). Therefore, the Court need not address Fragua's claim about being denied his right to counsel.

As such, I recommend that the Court conclude that the Pueblo of Jemez denied Fragua his right under ICRA to request a trial by a jury, grant Fragua's petition, immediately reverse his conviction, and order his release.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

Laura Fashing
United States Magistrate Judge